IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 17, 2006 Session

## SuSAN SMALL-HAMMER v. EDWARD C. TROUTT, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 25424-C     C. L. Rogers, Judge**

**No. M2005-00861-COA-R3-CV - Filed on December 11, 2006**

In this breach of contract action, the plaintiff appeals from an adverse judgment following a jury trial. She contends the trial court erred by denying her Motion in Limine and by giving the jury an erroneous jury instruction. Finding the plaintiff failed to raise either issue in a motion for new trial, which is a mandatory condition precedent, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

SuSan Small-Hammer, Bethpage, Tennessee, Pro Se.

C. Tracey Parks, Gallatin, Tennessee, for the appellees, Edward C. Troutt and Velma Faye Troutt.

### MEMORANDUM OPINION[1]

Plaintiff, SuSan Small-Hammer, while living in California, decided she wanted to return to Tennessee where she had previously lived. In furtherance of this desire, she began searching the internet for listings in Sumner County, Tennessee and found a house in Westmoreland, Tennessee that appeared to suit her taste and budget. The house was listed for sale by the owners, Edward and Velma Troutt.

The internet provided the most basic information about the house along with a picture of the exterior of the house. Desiring additional information, but choosing to not travel to personally

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

examine the property, the plaintiff engaged the services a Sumner County real estate agent. She requested that he visit the property, take photographs, and report his findings to her. He did so, but additionally recommended that she engage the services of a professional firm to conduct an inspection of the house. She declined to follow his advice. Instead, and without having seen the property, the plaintiff made an offer to purchase the house contingent on her review and acceptance of the sellers' Residential Property Condition Disclosure Statement. After reviewing the sellers' disclosure statement, and without engaging a firm to conduct a home inspection or personally visiting the property, Plaintiff signed a contract to purchase the property. Key to the dispute that followed, the contract expressly provided that the property was being sold "As Is."

The closing occurred on October 31, 2003. One week later, on November 6, the plaintiff viewed the property for the first time, at which time she noticed an odor she attributed to cigarette smoke. She also noticed a pipe protruding form the floor in a closet. Thereafter, the plaintiff observed mold and "flooding" which she attributed to excessive amounts of water coming from the pipe in the closet floor. She also discovered a significant amount of mold along with a host of other problems.

Believing the sellers had knowledge of these problems and intentionally withheld the information by not disclosing the problems in the Tennessee Residential Property Condition Disclosure Statement, the plaintiff filed this action against the sellers, Edward and Velma Troutt. The matter went to trial and was tried before a jury. During the trial the plaintiff filed a Motion in Limine seeking to exclude an addendum to the contract. The trial court denied the Motion and admitted the addendum into evidence. The jury rendered a verdict in favor of the defendants. Thereafter, the plaintiff filed this appeal; however, she did not afford the trial court an opportunity to correct mistakes that may have been made by filing a motion for new trial prior to pursing this appeal.

It is well settled in Tennessee that appeals from jury trials must be preceded by a motion for new trial when the error alleged is based on the admission or exclusion of evidence or on jury instructions granted or refused. Tenn. R. App. P. 3(e). We regret the fact we are unable to entertain the issues presented by the plaintiff; nevertheless, the plaintiff waived her right to an appeal when she failed to file a motion for new trial contesting the issues presented here. *See* Tenn. R. App. P. 3(e)(requiring that we treat a failure to file a motion for new trial as a waiver of the issues on appeal). Accordingly, we have no option but to affirm.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant.

_____
FRANK G. CLEMENT, JR., JUDGE